**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re:<br><br>North Pointe Holdings (BVI) Ltd. (in Liquidation),<br><br>    Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 18-24659-AJC |
| In re:<br><br>Biscayne Capital (B.V.I.) Ltd. (in Liquidation),<br><br>    Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 18-24660-RAM |
| In re:<br><br>Vanguardia Holdings Ltd. (in Liquidation),<br><br>    Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 18-24661-AJC |
| In re:<br><br>Spyglass Investment Management Ltd. (in Liquidation),<br><br>    Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 18-24662-LMI |
| In re:<br><br>Vanguardia Group Inc. (in Official Liquidation),<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 18-24663-RAM |

| | |
|---|---|
| In re: ) | |
| ) | Chapter 15 |
| Sports Aficionados Ltd (in ) | |
| Official Liquidation), ) | Case No. 18-24664-LMI |
| ) | |
| Debtor in a Foreign Proceeding. ) | |
| ) | |

| | |
|---|---|
| In re: ) | |
| ) | Chapter 15 |
| SG Strategic Income Ltd (in ) | |
| Official Liquidation), ) | Case No. 18-24665-RAM |
| ) | |
| Debtor in a Foreign Proceeding. ) | |
| ) | |

| | |
|---|---|
| In re: ) | |
| ) | Chapter 15 |
| GMS Global Market Step Up Note Ltd (in ) | |
| Official Liquidation), ) | Case No. 18-24666-AJC |
| ) | |
| Debtor in a Foreign Proceeding. ) | |
| ) | |

| | |
|---|---|
| In re: ) | |
| ) | Chapter 15 |
| Diversified Real Estate Development Ltd (in ) | |
| Official Liquidation), ) | Case No. 18-24667-LMI |
| ) | |
| Debtor in a Foreign Proceeding. ) | |
| ) | |

| | |
|---|---|
| In re: ) | |
| ) | Chapter 15 |
| Preferred Income Collateralized Interest Ltd (in ) | |
| Official Liquidation), ) | Case No. 18-24668-LMI |
| ) | |
| Debtor in a Foreign Proceeding. ) | |
| ) | |

2

| | |
|---|---|
| In re: ) <br> ) <br> Sentinel Investment Fund SPC (in ) <br> Official Liquidation), ) <br> ) <br>     Debtor in a Foreign Proceeding. ) <br> ) | Chapter 15 <br><br> Case No. 18-24669-RAM |
| In re: ) <br> ) <br> Biscayne Capital Holdings Limited (in Creditor ) <br> Voluntary Liquidation), ) <br> ) <br>     Debtor in a Foreign Proceeding. ) <br> ) | Chapter 15 <br><br> Case No. 18-24670-RAM |

## MOTION FOR JOINT ADMINISTRATION

Hadley Chilton, Michael Pearson, and Stephen Briscoe, solely in their capacity as liquidators and foreign representatives (the "***Foreign Representatives***") of each of the above-captioned entities (collectively, the "***Debtors***"), file this motion for Joint Administration (the "***Joint Administration Motion***") and state as follows.

### I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases is proper in this District pursuant to 28 U.S.C. §§ 1408, 1409 and 1410. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

### II.    RELIEF REQUESTED

2.    The Foreign Representatives request that the twelve (12) above-referenced cases, commenced under chapter 15 of title 11 of the United States Code (the "***Chapter 15 Cases***"), be jointly administered.

3

### III.     BASIS FOR REQUESTED RELIEF

3. The procedural predicate for the relief requested in this Motion is FED. R. BANKR. P. 1015(b) and Local Rule of Bankruptcy Procedure 1015-1. FED. R. BANKR. P. 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by . . . a debtor and an affiliate, the court may order a joint administration of the estates." Each of the Debtors are "affiliates" as that term is defined in 11 U.S.C. § 101(2). *See, e.g., In re Reichmann Petroleum Corp.*, 364 B.R. 916, 921 (Bankr. E.D. Tex. 2007) (applying "horizontal test" to determine affiliate status under section 101(2)). As set forth in the *Declaration of Michael Pearson in Support of Petition for Order Recognizing Foreign Main Proceeding and Granting Additional Relief* filed contemporaneously herewith (the "**Pearson Declaration**"), each of the Debtors is owned by one of two Trusts (as defined in the Pearson Declaration), both of which Trusts have a common set of beneficiaries, the Principals (as defined in the Pearson Declaration). Accordingly, this Court is authorized to grant the relief requested herein to consolidate these cases for procedural purposes.

4. The Foreign Representatives submit that, based upon the interrelated nature of the Debtors' prior businesses, joint administration of these cases is in the best interests of creditors and these Chapter 15 Cases. In accordance with Local Rule 1015-1(A)(2), the Foreign Representatives have no reason to believe that joint administration of the Chapter 15 Cases would give rise to any conflict of interest among the estates.

5. Joint administration will benefit all parties in interest, of which there is substantial overlap between and among the Chapter 15 Cases. Jointly administering the Chapter 15 Cases will avoid the costs associated with the preparation, replication, filing, and service, as applicable, of duplicative notices, applications, and orders, thereby saving all parties in interest time and

money. The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files.

6. The rights of creditors and investors will not be adversely affected as this Joint Administration Motion requests only administrative consolidation of the Chapter 15 Cases and not substantive consolidation of the estates.

7. The Foreign Representatives request that the caption of the jointly administered Chapter 15 Cases be modified as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re:<br><br>NORTH POINTE HOLDINGS (BVI) LTD. (in Liquidation), *et al.,*<br><br>    Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 18-24659-AJC<br><br>Jointly Administered |

8. Pursuant to Local Rule 1015-1(A)(1)(a), the Foreign Representatives also request that the above-captioned Chapter 15 Cases initially assigned to different judges[1] be transferred to Judge A. Jay Cristol, to whom the requested "lead case," North Pointe Holdings (BVI) Ltd. (in Liquidation), Case No. 18-24659-AJC, has been assigned.

---

[1] Biscayne Capital (BVI) - In Liquidation, Case No. 18-24660-RAM; Vanguardia Group Inc. - In Official Liquidation, Case No. 18-24663-RAM; SG Strategic Income Limited - In Official Liquidation, Case No. 18-24665-RAM; Sentinel Investment Fund SPC - In Official Liquidation, Case No. 18-24669-RAM; Biscayne Capital Holdings Limited - In Creditor Voluntary Liquidation, Case No. 18-24670-RAM; Spyglass Investment Management Ltd. in Liquidation, Case No. 18-24662-LIM;  Sports Aficionados Ltd. - In Official Liquidation, Case No. 18-24664-LIM; Diversified Real Estate Development Ltd. - In Official Liquidation, Case. No. 18-24667-LIM; Preferred Income Collateralized Interest Ltd. – In Official Liquidation, Case No. 18-24668-LIM.

9. The Foreign Representatives also seek the Court's authorization that a notation, substantially similar to the following, be entered on the docket of each of the Chapter 15 cases to reflect the joint administration:

> An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 15 Cases of (i) Diversified Real Estate Development Ltd. (in Official Liquidation); (ii) GMS Global Market Step Up Note Ltd. (in Official Liquidation); (iii) Preferred Income Collateralized Interest Ltd. (in Official Liquidation); (iv) Sentinel Investment Fund SPC (in Official Liquidation); (v) SG Strategic Income Ltd. (in Official Liquidation); (vi) Sports Aficionados Ltd. (in Official Liquidation); (vii) Vanguardia Group Inc. (in Official Liquidation); (viii) Vanguardia Holdings Ltd. (in Liquidation); (ix) Spyglass Investment Management Ltd. (in Liquidation); (x) North Pointe Holdings (BVI) Ltd. (in Liquidation); (xi) Biscayne Capital Holdings Limited (in Creditor Voluntary Liquidation); (xii) Biscayne Capital (B.V.I.) Ltd. (in Liquidation). The docket of the case of North Pointe Holdings (BVI) Ltd. (in Liquidation), Case No. 18-24659-AJC, should be consulted for all matters affecting this case.

10. Based on the foregoing, the Foreign Representatives submit that the relief requested in this Joint Administration Motion is necessary and appropriate, is in the best interests of the estates, the investors and creditors, and should be granted in all respects.

WHEREFORE, the Foreign Representatives respectfully request an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested in this Joint Administration Motion and such other and further relief as this Court deems just and proper.

[*Signature Page to Follow*]

Respectfully submitted this 27th day of November, 2018.

EFR LAW FIRM

/s/ Eduardo F. Rodriguez
Eduardo F. Rodriguez (Florida Bar No. 36423)
1548 Brickell Avenue
Miami, Florida 33129
(305) 340-0034 (telephone)

ALSTON & BIRD LLP

William S. Sugden (*pro hac vice pending*)
Jonathan T. Edwards (*pro hac vice pending*)
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000 (telephone)

*Attorneys for the Foreign Representatives*

# EXHIBIT A

# [PROPOSED ORDER]

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re:<br><br>North Pointe Holdings (BVI) Ltd. (in Liquidation),<br><br>  Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 18-24659-AJC |
| In re:<br><br>Biscayne Capital (B.V.I.) Ltd. (in Liquidation),<br><br>  Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 18-24660-RAM |
| In re:<br><br>Vanguardia Holdings Ltd. (in Liquidation),<br><br>  Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 18-24661-AJC |
| In re:<br><br>Spyglass Investment Management Ltd. (in Liquidation),<br><br>  Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 18-24662-LMI |
| In re:<br><br>Vanguardia Group Inc. (in Official Liquidation),<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 18-24663-RAM |

| | |
|---|---|
| In re: ) <br> ) <br> Sports Aficionados Ltd (in ) <br> Official Liquidation), ) <br> ) <br> Debtor in a Foreign Proceeding. ) <br> ) | Chapter 15 <br><br> Case No. 18-24664-LMI |
| In re: ) <br> ) <br> SG Strategic Income Ltd (in ) <br> Official Liquidation), ) <br> ) <br> Debtor in a Foreign Proceeding. ) <br> ) | Chapter 15 <br><br> Case No. 18-24665-RAM |
| In re: ) <br> ) <br> GMS Global Market Step Up Note Ltd (in ) <br> Official Liquidation), ) <br> ) <br> Debtor in a Foreign Proceeding. ) <br> ) | Chapter 15 <br><br> Case No. 18-24666-AJC |
| In re: ) <br> ) <br> Diversified Real Estate Development Ltd (in ) <br> Official Liquidation), ) <br> ) <br> Debtor in a Foreign Proceeding. ) <br> ) | Chapter 15 <br><br> Case No. 18-24667-LMI |
| In re: ) <br> ) <br> Preferred Income Collateralized Interest Ltd (in ) <br> Official Liquidation), ) <br> ) <br> Debtor in a Foreign Proceeding. ) <br> ) | Chapter 15 <br><br> Case No. 18-24668-LMI |

2

| | |
|---|---|
| In re: ) <br> ) <br> Sentinel Investment Fund SPC (in ) <br> Official Liquidation), ) <br> ) <br>     Debtor in a Foreign Proceeding. ) <br> ) | Chapter 15 <br><br> Case No. 18-24669-RAM |
| In re: ) <br> ) <br> Biscayne Capital Holdings Limited (in Creditor ) <br> Voluntary Liquidation), ) <br> ) <br>     Debtor in a Foreign Proceeding. ) <br> ) | Chapter 15 <br><br> Case No. 18-24670-RAM |

### ORDER GRANTING MOTION FOR JOINT ADMINISTRATION

This matter came before the Court for hearing on _____, upon the Motion for Joint Administration (the "**Joint Administration Motion**") of the Foreign Representatives [2] seeking (1) an order pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1(A)(2)(b) jointly administering the above-referenced cases and (2) an order pursuant to Bankruptcy Rule 1015(c) and Local Rule 1015-1(A)(1)(a) transferring the above-captioned Chapter 15 Cases initially assigned to different judges to be transferred to Judge A. Jay Cristol; and the Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that the form and manner of notice of the Joint Administration Motion is good, sufficient, and appropriate under the circumstances; and the Court having found that no other or further notice is necessary; and the Court having found that the legal bases set forth in

---

[2]     Capitalized terms not defined herein shall have the meaning set forth in the Joint Administration Motion.

3

the Joint Administration Motion establish grounds for the relief granted herein; and after due deliberation, it is HEREBY ORDERED:

1. The Joint Administration Motion is granted.

2. The above-captioned Chapter 15 Cases shall hereby be jointly administered by this Court in the case of North Pointe Holdings (BVI) Ltd. (in Liquidation), Case No. 18-24659-AJC (the "Lead Case"), pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1(A)(5)(a).

3. All pleadings and papers shall be filed in the Lead Case.

4. The above-captioned Chapter 15 Cases initially assigned to judges other than Judge A. Jay Cristol shall be transferred to Judge A. Jay Cristol, pursuant to Bankruptcy Rule 1015(c) and Local Rule 1015-1(A)(1)(a).

5. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of the above-captioned cases.

6. The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| In re:<br><br>NORTH POINTE HOLDINGS (BVI) LTD. (in Liquidation), *et al.,*<br><br>    Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 18-24659-AJC<br><br>Jointly Administered |
|---|---|

7. A docket entry shall be made in the above-captioned cases substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 15 Cases of (i) Diversified Real Estate Development Ltd. (in Official Liquidation); (ii) GMS Global Market Step Up Note Ltd. (in Official

4

Liquidation); (iii) Preferred Income Collateralized Interest Ltd. (in Official Liquidation); (iv) Sentinel Investment Fund SPC (in Official Liquidation); (v) SG Strategic Income Ltd. (in Official Liquidation); (vi) Sports Aficionados Ltd. (in Official Liquidation); (vii) Vanguardia Group Inc. (in Official Liquidation); (viii) Vanguardia Holdings Ltd. (in Liquidation); (ix) Spyglass Investment Management Ltd. (in Liquidation); (x) North Pointe Holdings (BVI) Ltd. (in Liquidation); (xi) Biscayne Capital Holdings Limited (in Creditor Voluntary Liquidation); (xii) Biscayne Capital (B.V.I.) Ltd. (in Liquidation). The docket of the case of North Pointe Holdings (BVI) Ltd. (in Liquidation), Case No. 18-24659-AJC, should be consulted for all matters affecting this case.

8. This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the implementation of this Order.

### 

Submitted by:

William S. Sugden
ALSTON & BIRD LLP
1201 West Peachtree Street, NW
Atlanta, Georgia 30309
(404) 881-7000 (telephone)
Will.Sugden@alston.com

*Counsel to the Foreign Representatives*